(No. 75-CV-192—

RAYMOND E. WITTKOPP, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 20, 1975.*

RAYMOND E. WITTKOPP, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on September 8, 1974, in the 800 block of West

Addison Street, Chicago. Raymond E. Wittkopp, the victim seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., ch. 70, §71, et seq.* (hereafter referred to as "*the Act*").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court, and a report of the Attorney General of the State of Illinois, which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Raymond E. Wittkopp, age 41, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Aggravated Battery" (*Ill. Rev. Stat., 1973, ch. 38, §12-4*).

2. That on September 8, 1974, the claimant was beaten, kicked and robbed by several assailants after the claimant left a tavern in the 800 block of West Addison.

3. That statements taken by police investigators shortly after the crime was committed present no evidence of any provocation by the claimant for the attack upon him.

4. That the victim was hospitalized from September 8, 1974, to September 21, 1974, and received treatment for injuries sustained in the beating. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

5. That the assailants have not been identified or apprehended. Police investigation of this case has been suspended pending any new information.

6. That there is no evidence that the victim and his assailants were related or sharing the same household.

7. That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance.

8. That the victim's average monthly earning for the 6 months immediately preceding his injury was $614.40, but earnings of only $500 per month can be considered as the basis for determining loss of earnings, pursuant to the following provision in §4 of the Act:

". . . loss of support shall be determined on the basis of the victim's average monthly earnings for the 6 months immediately preceding the date of the injury or on $500 per month, whichever is less."

That the victim's doctor has demonstrated that, due to extensive knee injuries sustained in the incident, the claimant missed 3 months and 8 days of work. That, based on the Court accepted method of calculating salary losses over a portion of a month—average monthly income ($500) divided by the average number of days in a month (30.4) multiplied by the number of days out of work (8)—The claimant's compensable losses due to 3 months and 8 days of lost work time may be determined to total $1,631.52.

9. That the claimant incurred medical and hospital expenses which were covered by insurance benefits, and the gross amount of the pecuniary loss as computed before deductions and setoffs is as follows:

| | |
|---|---|
| Able Ambulance Service | $ 63.00 |
| Town and Country Ambulance Service | $ 49.00 |
| Swedish Covenant Hospital | $ 282.80 |
| Ravenswood Hospital | $1,397.76 |

Richard G. Nilges, M.D. ............................ $ 38.00
Dickens Medical Service (anesthesia service) ............ $ 100.00
S. Yelda, M.D. (orthopedic consultation) ................ $ 25.00
Loss of Salary ..................................... $1,631.52

 $3,587.08

10. That, in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this Court—

"(d) shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workman's Compensation Act,' or from local governmental, State or Federal funds or from any other source (except annuities, pension plans, Federal social security benefits, and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .)."

That, in the claim before us, the claimant has been fully compensated for all medical and hospital costs through his insurance, and has also received $153.60 in sick pay. That this deduction, plus the statutory deduction of $200, having been deducted from the gross amount of loss as calculated in ¶9, leaves an amount of compensable loss sustained by the claimant as $1,277.92.

IT IS HEREBY ORDERED that the sum of $1,277.92 (ONE THOUSAND TWO HUNDRED SEVENTY SEVEN DOLLARS AND NINETY TWO CENTS) be awarded to the claimant, Raymond E. Wittkopp, as the innocent victim of a violent crime.